**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MELISSA WARNER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>CARTER'S INC.,<br><br>       Defendant. | Case No. |

## CLASS ACTION COMPLAINT

Plaintiff Melissa Warner, ("Plaintiff") brings this Class Action Complaint against Carter's Incorporated ("Carter's" or "Defendant") as an individual and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsel's investigation, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a civil action brought by a United States citizen and customer of Defendant.

2.     On February 20, 2026, the Supreme Court of the United States ruled that certain tariffs imposed under the International Emergency Economic Powers Act were illegal.[1]

3.     Before that ruling, Carter's imposed tariff-related charges and increased costs on customers, including Plaintiff, based on those now-invalid tariffs.

4.     Plaintiff paid these increased charges as part of the goods she bought from Defendant.

5.     Because the underlying tariffs have been declared illegal, Plaintiff seeks recovery of amounts collected by Defendant that were based on or attributed to those unlawful tariffs.

6.     Plaintiff brings this action on behalf of herself and those similarly situated to recover money wrongfully collected from her and the Class by Defendant under the illegal tariffs and to obtain appropriate relief permitted by law.

## JURISDICTION & VENUE

7.     This Court has subject matter jurisdiction over this action under 28 U.S.C.§1332(d) because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are

---

[1] https://www.cnbc.com/2026/02/20/supreme-court-trump-tariff-decision-illegal-refunds.html (last accessed June 9, 2026).

more than 100 members in the proposed class, and at least one member of the class, including Plaintiff, is a citizen of a state different from Defendant.

8.     This Court has personal jurisdiction over Defendant Carter's because its principal place of business is in this District. Defendant has also purposefully availed itself of the laws, rights, and benefits of Georgia.

9.     Venue is proper under 28 U.S.C §1391(b) because Defendant Carter's maintains a principal place of business in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

## PARTIES

10.     Plaintiff Melissa Warner is a citizen of the State of Connecticut. At all relevant times, Plaintiff has been a resident of Connecticut.

11.     Defendant maintains a principal place of business at 3438 Peachtree Road NE, Suite 1800, Atlanta, GA 30326.

## FACTUAL ALLEGATIONS

12.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

13.     On February 20, 2026, the Supreme Court of the United States ruled that tariffs imposed by President Donald Trump under the International Emergency Economic Powers Act ("IEEPA") were illegal.[2]

14.     Prior to that ruling, tariffs imposed under the IEEPA were collected on imported goods entering the United States. U.S. importers paid those tariffs to U.S. Customs, and the costs were incorporated into the pricing and shipping charges associated with imported goods.

15.     In January alone, tariff collections reached $30 billion, contributing to a year-to-date total of $124 billion, which amounts to an increase of 304% over the same period in 2025. Record levels of tariff revenue were collected by the federal government during the period in which the unlawful tariffs were in effect.

16.     The Supreme Court's decision invalidated the tariffs, but provided no guidance regarding whether, when, or how the government should return the billions of dollars collected from importers.

17.     Although the Supreme Court ruled that the tariffs were illegal, no automatic refund has been issued. Importers, and those who bore the economic burden of the tariffs, remain without reimbursement for amounts paid under a tariff regime that has been declared unlawful.

---

[2] *Id.*

18.      Plaintiff bought goods from Defendant. Specifically, she bought Carter's branded baby clothing in November and December 2025, and January and February 2026. In total, Plaintiff spent $291.43. This amount includes an increased charge for tariff-related fees.

19.      Carter's Interim CEO stated, "we're in line for our refund," and the company anticipates around $130 million in refunds.[3]

20.      Plaintiff paid money under the illegal tariffs to Defendant. Plaintiff brings this action on behalf of herself and those similarly situated to recover money wrongfully collected and to obtain appropriate relief permitted by law.

## CLASS ALLEGATIONS

21.      Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

22.      Plaintiff brings this nationwide class action individually, and on behalf of all similarly situated individuals, pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

23.   The Class that Plaintiff seeks to represent is defined as follows:

**Nationwide Class**
All individuals residing in the United States who paid unlawful tariffs to Carter's under the International Emergency Economic Powers Act (the "Class").

---

[3] https://www.retaildive.com/news/carters-ceo-tariff-refunds-line/819645/ (last accessed June 9, 2026).

24.    Collectively, the Class is referred to as the "Class" or "Class Members."

25.    Excluded from the Class is the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers, and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

26.    Plaintiff reserves the right to amend the definitions of the Class or add a Class or Subclass if further information and discovery indicate that the definitions of the Classes should be narrowed, expanded, or otherwise modified.

27.    <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. The members of the Classes are so numerous that joinder of all of them is impracticable.

28.    Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting solely individual members of the Class. The questions of law and fact common to the Classes that predominate over questions which may affect individual Class Members includes the following:

A.    **Whether** the tariff-related charges imposed and collected were based on tariffs that the Supreme Court has declared illegal.
B.    **Whether** Defendant increased shipping rates, surcharges, or related fees to account for the unlawful tariffs.

C. **Whether** Defendant retained any portion of tariff-related charges collected from customers after the underlying tariffs were invalidated.

D. **Whether** customers, including Plaintiff, are entitled to reimbursement of amounts paid that were attributable to the illegal tariffs.

E. **Whether** Defendant was unjustly enriched by collecting and retaining charges derived from tariffs that were subsequently declared unlawful.

29. Typicality: The Plaintiff's claims are typical of those of the other members of the Classes because the Plaintiff, like every other Class Member, was exposed to virtually identical conduct and now suffers from the same violations of the law as each other member of the Classes.

30. Policies Generally Applicable to the Class: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's policies challenged herein apply to and affect Class Members uniformly, and Plaintiff's challenges of these policies on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to the Plaintiff and the Proposed Class members.

31. Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the Class Members, and the infringement of

the rights and the damages suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class actions, and Plaintiff intends to prosecute this action vigorously.

32.    <u>Superiority and Manageability</u>: The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like Defendant. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

33.    The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since Defendant would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could

unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Classes and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

34.    The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

35.    Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

36.    Further, Defendant has acted on grounds that apply generally to the Classes as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

37.    Likewise, particular issues under Rule 42(d)(1) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.

## CAUSES OF ACTION
### (*On behalf of Plaintiff and the Class*)

## COUNT I:

## <u>UNJUST ENRICHMENT</u>

38.   Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

39.   Plaintiff and Class members conferred a direct financial benefit upon Defendant by paying tariff-related charges, fees, and surcharges imposed by Defendant.

40.   Defendant knowingly received and accepted these benefits.

41.   The tariff-related charges Defendant imposed and collected were unlawful and unauthorized.

42.   Defendant collected and retained funds to which they were not legally entitled.

43.   Defendant retained these funds despite knowing, or having reason to know, that such charges were unlawful, invalid, or subject to refund.

44.   It would be inequitable and unjust for Defendant to retain these funds.

45.   Plaintiff and Class members suffered economic injury as a result of Defendant's unjust retention of these funds.

46.   Defendant was unjustly enriched at the expense of Plaintiff and Class members.

47.    Equity and good conscience require that Defendant disgorge all unlawfully obtained funds and make restitution to Plaintiff and Class members.

## COUNT II

## MONEY HAD AND RECEIVED

48.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

49.    Plaintiff and Class Members paid IEEPA tariff-related charges to Defendant in the form of increased prices on goods.

50.    On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

51.    Despite the IEEPA tariffs being declared illegal, Defendant has not established a refund process for Plaintiff and Class Members.

52.    It would offend the principles of equity and good conscience if Defendant is allowed to retain the tariff related money it received from Plaintiff and Class Members.

53.    Under the circumstances, Defendant is not entitled to retain the money to which Plaintiff and Class Members assert a claim. Accordingly, Plaintiff and Class Members seek return of the money paid as damages, in an amount to be

determined at trial, in addition to attorney's fees, costs, and all other relief the Court deems just and proper.

## COUNT III

## **DECLARATORY JUDGMENT**

54.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

55.    In, or around, April 2025, U.S. Customs and Border Protection debuted a tariff refund claims portal where Importers of Record, like Defendant, can submit a declaration for the tariffs they paid under the IEEPA and receive a consolidated refund amount.

56.    Defendant has filed, or will file, a claim alleging it has suffered injury from having to pay IEEPA duties to the United States and requesting a full refund of what it paid for IEEPA tariffs.  However, Defendant passed the cost of the IEEPA tariffs onto consumers like Plaintiff and Class Members.

57.    Despite the IEEPA tariffs being declared illegal, Defendant has not established a refund process for Plaintiff and Class Members.

58.    As a direct and proximate result of the Defendant's conduct, Plaintiff and Class Members suffered damages.

59.    In light of the foregoing, a substantial controversy exists between the parties, having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment.

60.    Under the Declaratory Judgment Act, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further relief as necessary.

61.    Accordingly, Plaintiff and Class Members are entitled to a declaration that any contract, agreement or other arrangement that permitted Defendant to collect funds from Plaintiff and Class Members for IEEPA tariff related charges is rescinded and void *ab initio*.

62.    Plaintiff and Class Members are also entitled to a declaration that either: (i) any refund Defendant obtains from the U.S. government/ U.S. Customs and Border Protection for IEEPA tariffs must be returned to Plaintiff and Class Members; or (ii) any amount that Defendant charged to and collected from Plaintiff and Class Members for IEEPA tariffs and related fees must be returned to Plaintiff and Class Members.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the other members of the Classes alleged herein, respectfully requests that the Court enter judgment as follows:

A.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Classes and counsel for Plaintiff as Class Counsel;

B.    For an order declaring that the Defendant's conduct violates the statutes and causes of action referenced herein;

C.    For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

D.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For prejudgment interest on all amounts awarded;

F.    For an order of restitution and all other forms of equitable monetary relief requiring the disgorgement of the revenues wrongfully retained as a result of the Defendant's conduct;

G.    For injunctive relief as pleaded or as the Court may deem proper; and

H.    For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit, and any other expense, including expert witness fees; and

I.    And for Such other relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint and of all issues in this action so triable as of right.

DATE: June 10, 2026

Respectfully submitted,

*/s/Andre Belanger*
**GO BIG INJURY LAW**
1 Glenlake Parkway NE Suite 650
Sandy Springs, GA 30328
T: 803-222-2222
Email: andre.belanger@poulinwilley.com,

cmad@poulinwilley.com

*Attorney for Plaintiff and Proposed Class*